# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-10258-01-WEB |
| ) | |
| JAMES L. WILLIAMS ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Now before the Court is the motion of defendant James L. Williams to sever counts 7, 8, and 9 from the Superseding Indictment for a separate trial. Defendant claims that these counts should not be joined because the robbery and drug charges are not connected and to join the counts in a single trial would cause him prejudice.

I. FACTS

Defendant is charged in relation to two robberies, one attempted robbery, possession of a firearm and drugs and tampering with a witness. The Government claims it can produce evidence showing the following:

1). That Defendant robbed a Mirastar convenience store in Independence, Kansas at gunpoint on August 22, 2004.

2). That Defendant robbed the Jump Start Express convenience store in Coffeyville, Kansas at gunpoint

-1-

on August 26, 2004.

3). That Defendant attempted to rob the Jump Start convenience store in Independence, Kansas on August 28, 2004.

4). That when police arrested Defendant, he was found with a .380 handgun and 1.34 grams of "crack" cocaine.

5). That a witness in the case, Robert Osburn, can testify that he drove Defendant to the robberies, that Defendant used a .380 handgun in both robberies, and that Defendant is his source for crack.

6). That Defendant wrote a letter that attempted to influence Osburn to lie at trial.

II. LEGAL STANDARDS

Defendant contends that counts 7, 8, and 9 are not sufficiently connected with the robbery offenses under Rule 8(a). In the alternative, even if those counts are sufficiently connected, the Court should sever them from the Superseding Indictment because Defendant would suffer prejudice at trial. See Fed. R. Crim. Pro. 14(a).

Rule 8 of the Federal Rules of Criminal Procedure state:

> The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged-whether felonies or misdemeanors or both-are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. Pro. 8(a).

"Rule 8 is construed broadly to allow liberal joinder to enhance the efficiency of the judicial system". *United States v. Janus Industries,* 48 F.3d 1548, 1557 (10th Cir. 1995) (internal quotations

and citations omitted). The decision to grant or deny severance is within the sound discretion of the Court. *Id.* Even if joinder is appropriate under Rule 8, severance may be granted under Rule 14.

Rule 14(a) states "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials or provide any other relief that justice requires." Fed. R. Crim. Pro. 14(a). "Prejudicial joinder occurs when an individual's right to a fair trial is threatened." *United States v. Sapp*, 835 F. Supp. 1346, 1348 (D. Kan. 1993) (internal quotations and citations omitted). "The defendant bears a heavy burden of showing real prejudice from the joinder of the [multiple] counts." *United States v. Muniz*, 1 F.3d 1018, 1023 (10th Cir. 1992). "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." *Janus*, 48 F.3d at 1557 (internal citations omitted).

The Court finds that the robberies and the drug charge are sufficiently connected under Rule 8. First, the same weapon found on the Defendant with the drugs is also the same weapon used to commit the two robberies. Next, Osburn is expected to testify about Defendant's robbery, firearm and drug charges; therefore, the witness tampering count involves Osburn's testimony about all of those charges. Moreover, the Court finds that joinder will also promote judicial efficiency as many of the same people, including Osburn, ATF agents and members of the Independence police would need to testify at both trials if the counts were severed.

Because joinder is appropriate under Rule 8, Defendant must show that he would suffer prejudice under Rule 14(a). Defendant argues that even with limiting instructions, a jury would have difficulty separating the robbery charges from the drug charges.

Defendant has failed to meet his burden showing the necessary degree of prejudice under Rule 14. While some evidence on the multiple counts will overlap, such as the gun and certain witnesses, many other facts and evidence are quite different, such as the dates, the location, and the physical evidence. The counts are distinct enough that a jury will be able to find the facts for each count without confusion. "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the "spillover effect"... is sufficient to warrant severance." Janus, 48 F.3d at 1557 (quotations and citations omitted). A limiting instruction will adequately prevent any prejudicial spillover effect; therefore, severance is not warranted. *United States v. Strand,* 617 F.2d 571, 575 (10th Cir.1980) (Decision to uphold denial of severance motion based in part on the limiting instructions that were given).

Additionally, it is defendant's own conduct that has connected these charges. Defendant carried the same weapon with his drugs as he used to commit the robberies. Additionally, Defendant tampered with a prosecution witness that has knowledge of both the drug and robbery charges. *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1990) (Severance not warranted because no essential unfairness when the relationship of the charges grows out of the Defendant's own conduct)

IT IS ORDERED FOR THE REASONS SET FORTH ABOVE that Defendant's request to sever counts 7, 8, and 9 from the Superseding Indictment (Doc. 22) be DENIED;

SO ORDERED this 2nd day of June, 2005.

s/ Wesley E. Brown

Wesley E. Brown, Senior U.S. District Judge